## I. S. SESSIONS v. JESSE OLDS, et al.

24 So. (2nd) 803　　　　　　　　　　　　　　　January Term, 1946
February 5, 1946　　　　　　　　　　　　　　　Division B

*Thomas E. Walker* and *James H. Finch* for appellant.

*B. L. Solomon,* for appellee.

BARNES, Circuit Judge:

The facts seem to be that I. S. Sessions was in possession as tenant of a forty-acre tract belonging either to R. C. Powell or his wife or both; that Jesse Olds negotiated with Powell relative to the purchase of a forty-acre tract (likely the forty acres held by Sessions as tenant). Powell seems to have owned other lands nearby.

The documentary evidence of the bargain between Powell and Olds was as follows:

> " 'Tuscaloosa, Ala.
> Box 932
> April 10th, 1944

"Dear Jessie:

"I received your letter several days ago. You said for me to meet you in Campbellton. Well I cant come down there I cant get off from my work we are to short of help. You could send me the payment you mentioned one Hundred and twenty five Dollars by cashiers check—and I will give you a receipt stateing what it is for—and will make you a Deed to the 40 acres this fall when you pay the other $375.00—or you could wait untill this fall and send a check for the ($500.00) Five hundred Dollars all at one time and I would send you the Deeds by return mail—that is the way my sister and me made the deal on the land I sold her. You see you could have the cashier of the bank state on the check what it was for. It would be perfectly safe. It would save me from comeing down there.

I am

Resp't.

R. C. Powell' "

" ' April 17th, 1944

"Deed to be made when $375.00 balance is paid.

"RECEIVED from Jessie Olds one hundred twenty five Dollars payment on 40 acres, balance to be paid on or before Jan. 1, 1945

$125.00                                        R. C. Powell' "

" 'April 17th 44
Tuscaloosa
Box 932 Ala

"Dear Jessie

"Rec'd the check for $125.00 this morning I am encloseing Receipt this fall when you get ready just send me the other $375.00 the same way and and I will send the Deed by the next mail

"Sometime in December would be allright

Resp't

R. C. Powell' "

" 'Oct-23—1944
Box 932
Tuscaloosa Ala.

"Dear Jesse:—

"Just thought I would drop you a line.

"Anytime you can send me a check for the balance on the 40 acres me and my wife will send you the deeds by the next mail.  I am sending you a letter.  As soon as you get your deeds you can let the oil man have the lease if you want to.

R. C. Powell' "

" 'Oct. 24—1944
Box 932
Tuscaloosa, Ala.

"Mr. Jesse Olds—

"I am sorry I was going to make the Deeds to you for the forty acres But my wife says she can't sign the Deeds now. Says she won't sign them them as everything stands.  So I am returning encloseing your ($125.00) hundred and twenty five Dollars.  I am sorry but cant help it—Resp't.

R. C. Powell.' "

The Powells conveyed the property to Sessions by deed dated October 25th, 1944, and it was recorded November 6, 1944.

Giving Olds the benefit of all doubts it is a fair inference that Sessions suspected that Olds had negotiated with Powell for the purchase of the forty acres; that thereupon Sessions proceeded to contact Powell and procured the land by purchase, and thereupon placed a mortgage against the land in favor of the Bank of Graceville.

On November 7, 1944, Olds brought suit for specific performance and procured a favorable decree, and defendant Sessions appealed.

The written contract between Olds and Powell was not sufficient within itself to justify a decree of specific performance, and neither was it supplemented by competent evidence to meet the essentials of the Statute of Frauds—to wit, 724.01, Florida Statutes, 1941, F.S.A.

The decree appealed is reversed, and the chancellor is directed to make and enter appropriate decrees, after finding the equities to be with appellant.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.